BANK OF NIAGARA *against* M'CRACKEN.

THIS was an action of *assumpsit*, on a promissory note made by the defendant, dated the 30th of *September*, 1818, for 1,000 dollars, payable to *Lyman D. Prindle* or order, ninety days after date, at the *Bank of Niagara*, endorsed by *Prindle* to *E. B. Allen*, and by him to the plaintiffs. The suit was originally commenced in the Court of C. P. of *Genesee* county, on the 20th of *April*, 1819, and being noticed for trial at the *September* term following, in that Court, was removed by the defendant, by *habeas corpus*, into this Court.

The defendant pleaded *non-assumpsit*, with notice of a set-off.

The cause was tried at the *Genesee* circuit, in *June* last, before Mr. Justice *Van Ness*. At the trial, the plaintiffs admitted payments to the amount of 153 dollars. The defendant proved, that on the 28th of *June*, 1819, he was the owner and holder of the bills of the plaintiffs, to the amount of 419 dollars, and on that day delivered them to *C.*, the witness, to pay to the plaintiffs. That *C.*, who had kept the bills in his possession, on the 20th of *July*, 1819, offered them to the plaintiffs, in part payment of the note, but the plaintiffs refused to receive them. The witness produced the bills in Court, which he declared to be the same which he had received of the defendant, and tendered to the plaintiffs, and which were in the usual form of bank bills, and not payable at any particular place.

The plaintiffs proved, that on the 10th of *July*, 1819, they assigned 630 dollars, part of the money due on the said note, to *S. Mather*, and on the 24th of *July*, the residue thereof, or 253 dollars and 96 cents, to *M. Searles*, on account of debts due and owing by the plaintiffs to them, respectively; and that notice of the first assignment was given to the defendant, on the 15th of *July*, 1819.

The plaintiffs objected to the set-off, 1. On the ground, that the suit was commenced before the defendant became

Where a cause is removed from a Court of C. P., into this Court, by *habeas corpus*, the suit here is not considered as a continuation of the suit below, unless in certain cases, for the purposes of justice. The plaintiff may, therefore, declare for a new cause of action, and the defendant may set off a demand against the plaintiff, arising since the commencement of the suit below, and before its removal here.

The assignee of a debt takes it subject to all the equity existing, at the time, between the debtor and the assignor.

A previous demand of payment of a bank note, not being payable at any particular place, is not requisite before a suit brought thereon, or to entitle the holder to set it off against the bank.

the owner or holder of the bills of the plaintiffs ; 2. On the ground, that the demand had been assigned before the bills were offered to the plaintiffs in payment; and, 3. Because, payment of the bills had never been demanded at the *Bank of Niagara.*

The defendant proved, that the plaintiffs, on the 28th of *June,* 1819, and for some time previous, had stopped payment, and were reputed to be insolvent.

A verdict was found for the plaintiffs, for 983 dollars and 72 cents, subject to the opinion of the Court, as to the right of the defendant to have the 419 dollars, or any part thereof, allowed, and set-off against that amount.

*Gold,* for the plaintiffs.

*Cady,* contra. He cited *Vosburgh* v. *Rogers,* (8 *Johns. Rep.* 91.) and *Platt* v. *Platt,* (*Col. Cases,* 36.) decided in *April* term, 1795.

WOODWORTH, J. delivered the opinion of the Court. One question to be decided is, whether the defendant can avail himself of matter, by way of set-off, arising after the commencement of the suit in the Court below, and prior to its removal to this Court. The set-off relied on, goes to the merits of the plaintiff's demand.

When a cause is removed by *habeas corpus,* the suit in this Court is not a continuation of the suit below ; and, therefore, as a general rule, the plaintiff may recover for a debt due before the commencement of the suit here, and the defendant may rely on new grounds of defence ; but the Court will, in some cases, notice the suit below, so as to protect the plaintiff against manifest injustice, if the defence does not go to the merits.

As exceptions to the general rule, it is said, " that the pleas of the statute of limitation and of coverture, are, perhaps, the only ones which the plaintiff has been permitted to defeat, by replying the suit below." This doctrine is fully settled in *Vosburgh* v. *Rogers,* (8 *Johns. Rep.* 91.)(a) The defence then is, that on the 28th of *June,* 1819, the de-

(a) Vide 1 *Dunl. Pr.* 227, 228. *Bennet* v. *Rathburn,* 17 *Johns. Rep.* 37.

fendant was the owner and holder of bank bills of the *Ni-* agara Bank, to the amount of 419 dollars, at which time the plaintiffs were the holders of the note in question. The bills have been kept by the defendant ever since, and were produced in Court at the trial. They were not payable at any particular place, and would have sustained an action, without a demand at the bank. I cannot, therefore, perceive any well founded objection to the set-off of these bills against the plaintiffs' demands; they are equally available to the defendant, as if he had been sued by an individual, against whom he held promissory notes, due at the time the action was commenced. On the 20th of *July*, 1819, the bills were offered at the bank, as part payment, and refused; and, although the plaintiffs had, on the 10th of *July*, assigned to *Silvester Mather*, 630 dollars, part of the money due on the note, (of which assignment the defendant had notice on the 15th of *July*,) that will not aid the plaintiffs, for the rights of these parties cannot be varied, so as to deprive the defendant of the defence that existed on the 28th of *June* preceding. If a valid assignment was made, *Mather* must have taken it, subject to *all the equity* existing at that time, between the plaintiffs and the defendant. (*Tindal* v. *Brown*, 1 *Term Rep*. 167. *Freeman* v. *Haskin*, 2 *Caines*, 368.) The residue of the note was assigned on the 24th of *July*, after the defendant had offered the bills in payment, and that rests on the same ground as the assignment to *Mather*.

We are of opinion, that the sum of 419 dollars, with interest, from the 20th of *July*, 1819, be deducted from the verdict.

Judgment for the plaintiff, accordingly.