ALBANY,
January, 1822.

JEFFERSON
COUNTY BANK
v.
CHAPMAN.

The JEFFERSON COUNTY BANK *against* CHAPMAN.

A debt or demand, to be set off, must be a debt or demand existing at the commencement of the plaintiff's suit.

The refusal of a bank to pay *specie*, and the consequent stoppage of the payment of its bills, is not sufficient evidence of its *insolvency*, to prevent the *bona fide* purchaser or holder of their bills, after that time, from setting off such bills in a suit brought against him by the bank.

Whether a previous demand of payment of a bank note, at the bank, is requisite to enable the holder to bring a suit thereon, or to entitle him to set-off in a suit against the bank? *Quære.*

IN ERROR to the Court of Common Pleas of *Jefferson* county. The bank sued *Chapman* on a promissory note, made by him the 26th of *April*, 1819, by which he promised to pay to *Daniel Holloway*, or order, the sum of one hundred dollars, at the *Jefferson County Bank*, ninety days after date. The defendant pleaded *non assumpsit*, with notice of a set-off. At the trial, the defendant, by way of set-off, offered in evidence genuine bills or bank notes issued by the plaintiffs, signed by the President and Cashier of the bank, dated prior to the commencement of the suit. The plaintiff's counsel objected to the set-off. It appeared that the bank stopped payment of its bills prior to *July*, 1819, and had not resumed the payment of them since. The Court below admitted the evidence, and decided that the bills should be received in defence, as a set-off against the demand of the plaintiffs, and directed the jury to find a verdict for the defendant, for 2 dollars and 23 cents, being the balance of the bills given in evidence by the defendant, over and above the amount of the note and interest. The jury found a verdict accordingly. A bill of exceptions was taken to the opinion of the Court.

*J. Lynch*, for the plaintiffs in error, contended, that the defendant ought to have proved a demand of payment of the bills which he offered as a set-off, at the bank. (*Bank of Utica* v. *Magher*, 18 *Johns. Rep.* 341.) A different rule, in this respect, ought to prevail in regard to the notes or bills of a bank, than that which exists as to the notes of in-

dividuals. Bank notes are the circulating medium of the
country. Banks would be exposed to great inconvenience,
if suits might be brought on their notes, without any de-
mand of payment ever having been made.

Again; the defendant ought to have proved, that the bills
offered as a set-off, were in his hands before the commence-
ment of the suit. (*Carpenter* v. *Butterfield*, 3 *Johns. Cases*,
145. *Ogden* v. *Cowley*, 2 *Johns. Rep.* 274. *Dickson* v.
*Evans*, 6 *Term Rep.* 57.)

Again; under the circumstances of this case, the bills
were not the subject of a set-off, for if allowed, it would be
a fraud on the other creditors of the bank. When a bank
refuses to pay specie, it must stop business, and this is evi-
dence of its insolvency. A note purchased after the insol-
vency of the maker, though before a suit brought by him,
cannot be set off against a debt due to the insolvent. (*John-
son* v. *Bloodgood*, 1 *Johns. Cases*, 51.)

*Talcot*, contra. Whatever may have been the intimation
of the Court, in the case of the *Bank of Utica* v. *Magher*,
as to the necessity of a demand at the bank, the rule, if it
were settled, would not apply to this bank. The 8th sec-
tion of the act to incorporate the *Jefferson County Bank*,
(sess. 39. c. 231.) declares, that the bills or notes issued by
the bank, " shall be binding and obligatory upon the same, in
like manner, and with the like form and effect, as upon any
private person or persons, if issued by him or them, in his
or their private capacity or capacities."

*Lynch*, in reply, said, the statute referred to, did not pre-
scribe the remedy, but merely declared the nature of the
obligation of bills or notes of the bank, not under seal.

[SPENCER, Ch. J. observed, that the court did not mean,
in the case of the Bank of *Niagara* v. *M'Cracken*, (18
*Johns. Rep.* 493.) to decide, that the demand of payment
of a bank note, not payable at any particularly place, need
not be made at the bank, previous to its being offered as a
set-off in in a suit brought by the bank. The decision of

ALBANY,
January, 1822.

JEFFERSON
COUNTY BANK
v.
CHAPMAN.

that point was not necessary in that case ; and he consider-
ed the question as now open.]

WOODWORTH, J. delivered the opinion of the Court. The
evidence offered by the defendant in the Court below, did
not make out a valid defence, because, it did not appear
that the defendant was the owner or possessor of the bills
before the commencement of the suit. He relied on the
fact, that they bore date previously, a circumstance unim-
portant and altogether irrelevant ; for aught that appears,
he may have obtained the bills after he was sued, and
if so, they could not be the subject of set-off.

This principle is well settled, in a variety of cases. In
*Dickson and others* v. *Evans,* (*Term. Rep.* 57.) the plain-
tiff brought an action, as assignee of a bankrupt ; it was
held, that the defendant could not set off cash notes issued
by the bankrupt, payable to bearer, bearing date before his
bankruptcy, unless he showed further, that such notes
came to his hands before the bankruptcy. The principle
of this case applies : A set-off is in the nature of a cross ac-
tion ; the defendant must prove every thing necessary to
constitute his demand. It is a general rule, that the *onus
probandi* lies on the person who wishes to support his case,
by a particular fact, and of which he is supposed to be
conusant. In *Carpenter* v. *Butterfield.* (3 *Johns. Cas.* 145.)
this point is decided. A debt or demand to be set off under
the statute, must be an existing debt or demand, at the
time of the commencement of the plaintiff's suit. The evi-
dence given is defective in this respect, and did not entitle
the defendant to a set-off.

As the first exception disposes of the cause, we are not
called on to decide whether a demand of payment at the
bank was necessary. In the case of the *Bank* of *Niagara* v.
*M'Cracken,* (18 *Johns. Rep.* 493.) one question raised on
the argument was, that payment of the bills had never
been demanded at the *Bank* of *Niagara ;* but it appeared
in evidence that the defendant offered them to the plaintiffs,
in part payment of his note, and they refused to receive
them. This was equivalent to a demand. I observed in
that case, " that the bills were not payable at any particular

place, and would have sustained an action without a demand at the bank." This was my individual opinion. The case did not require the decision of the Court on that point; nor did the Court intend to decide it.

The bank stopped payment in *July*, 1819, but there is no proof of insolvency; it is merely stated that it had not resumed payment; nor does it appear that an assignment of its property and effects have been made. We are not to intend, that there is a want of ability to discharge all legal demands; but rather, that owing to the peculiar state of the country, they required time to call in their funds. How, then, can the *bona fide* purchase of their paper be called a fraud on creditors? I think it was not. Had the defendant made out in evidence, that he held the notes before the suit was commenced, he would have established his off-set, provided a demand of payment was unnecessary. The Court below erred in admitting the evidence. The judgment must be reversed, and a *venire de novo* awarded.

Judgment reversed.