ROYAL T. KELLY, plaintiff in error, v. AUGUSTUS GARRETT, defendant in error.

*Error to Cook.*

A. gave his note to B. payable in ninety days at the Berrien County Bank, and B. assigned it to C. Subsequently a suit was brought in the name of C. against B., upon the assignment. The defendant filed his plea of *puis darrein contin-uance*, with an affidavit of a full release from the plaintiff. The counsel for plaintiff filed a replication, setting forth that the suit was brought in the plaintiff's name as a matter of convenience merely; that, in fact, when the suit was commenced, and subsequently, he had no interest in the note, but that it was the property of the Berrien County Bank, of all which the defend-ant had notice, when said release was executed, and that it still is the property of the bank. The defendant rejoined, averring the note to be the property of the bank, and that the bank was indebted to him in an amount larger than the amount of the note on the day of the commencement of the suit, and offered to set off so much thereof, as was necessary to discharge the note. The plain-tiff sur-rejoined, denying the facts set up in the rejoinder, upon which issue to the country was joined. The defendant then offered in evidence the bills of said bank to the amount of $424, which were payable to bearer, and bore date prior to the commencement of the suit, but the plaintiff objected to their intro-duction, without proof that defendant had them at the commencement of the suit. The Court overruled the objection, and instructed the jury, that pos-session of promissory notes, payable on demand to bearer, in the hands of the defendant, were presumptive and *prima facie* evidence that he had held them from their date: *Held,* that the instruction of the Court was erroneous.

In pleading a set-off, the defendant, as to it, assumes the attitude of a plaintiff, and is bound to prove in relation to it, the same facts as if he had instituted his action upon it.

A set-off must be a subsisting demand at the time of the commencement of the suit. So, where notes of a bank were introduced by way of set-off, in a suit where the bank was the plaintiff in interest, it was *held* to be incumbent on the defendant to prove to the satisfaction of the jury, that he held them when the suit was commenced.

A formal demand, by a person holding the notes of an insolvent corporation, upon such corporation, for the simple purpose of enabling him to adjust a mutual indebtedness by set-off, is unnecessary.

ASSUMPSIT, in the Cook Circuit Court, brought by the plaintiff in error, against the defendant in error. The cause was tried at the March term 1844, before the Hon. Richard M. Young and a jury. Verdict and judgment for the de-fendant.

The several proceedings at the trial appear in the Opinion of the Court.

*A. Lincoln, G. A. O. Beaumont, & M. Skinner,* for the plaintiff in error:

Proof that defendant held the bills at the time, of the commencement of the suit is necessary, before set-off could be allowed. *Jefferson County Bank* v. *Chapman,* 19 Johns. 322; *Pettis* v. *Westlake,* 3 Scam. 536 to 539.

A set-off cannot be made of a debt against any one but the plaintiff on the record. *Wheeler* v. *Raymond,* 5 Cowen, 231; *Johnson* v. *Bridge,* 6 do. 693; *Mauran* v. *Lamb,* 7 do. 177.

Garrett should have insisted upon his set-off, (and would, if he had had any,) when Bradford, as receiver, called on him for a settlement of the note; but on the contrary, he acknowledged his liability, as Bradford swears. Garrett cannot now claim a set-off. *Henry* v. *Brown,* 19 Johns. 49; *Gould* v. *Chase,* 16 do. 226; *Eells* v. *Finch,* 5 do. 193; *Bank of Niagara* v. *Rosevelt,* 9 Cowen, 409, 419.

The receipt of Kelley had nothing to do with the issue, the set-off on trial, and was therefore improperly admitted in evidence. We do not know what effect it may have had upon the jury.

*S. T. Logan,* for the defendant in error.

The Opinion of the Court was delivered by

SCATES, J. * James Kinzie made his note to Garrett or order, for three hundred dollars, with interest, at the Berrien County Bank. Garrett assigned the note to Kelly. This suit was brought in the name of Kelly against Garrett, upon the assignment. Garrett pleaded a release from Kelly, to which there was a replication that the note was the property of the Berrien County Bank, and that suit was brought in the name of Kelly for mere convenience only, and that Garrett had due notice of these facts. Garrett rejoined that the note belonged to the Berrien County Bank, and set up

---

* WILSON, C. J. did not sit in this case.

a set-off against the Bank for notes of the Bank. Surrejoinder and issue to the country.

Upon the trial, the defendant admitted the note, assignment, and due notice of protest.

The defendant read to the jury, by permission of the Court, notes of said Bank, payable on demand to bearer, dated at Niles, Berrien county, before the commencement of this suit, signed by the President and Cashier of said Bank, amounting in all to four hundred and twenty four dollars. The plaintiff objected to the reading of these in evidence, without first proving that the defendant had the same in possession at the commencement of this suit, and also under this issue. The Court overruled the objection, and decided that the notes in the hands of the defendant were presumptive evidence that he had held the same from their date, and allowed them to go to the jury. The defendant also proved by E. L. Sherman, that he saw in defendant's hands, bills of said Bank of a similar description, in June, 1838, before this suit was commenced, in August, and at different times of that year, and in amount, from fifteen hundred to two thousand dollars.

The plaintiff then read from the deposition of V. L. Bradford, in effect, that in a conversation between Bradford and defendant, the defendant was informed by Bradford, that he owned the note as receiver of the Berrien County Bank, and that defendant admitted his liability as indorser, and said he was not able to pay it.

The plaintiff also asked the Court to instruct the jury, that they must believe from the evidence that the defendant had possession of the bills of said Bank, on the 24th day of August, 1838, and had been in possession of the same bills ever since, or the verdict must be for the plaintiff; and that unless they believe from the evidence, that the bills were presented to said Bank for payment on the day of commencing the suit, that they must find for the plaintiff. The Court refused both instructions, to which the plaintiff excepted. The Court refused a motion for a new trial, after verdict for the defendant, to which plaintiff excepted, and preserved these facts in a bill of exceptions, and he now assigns for error, the per-

mission to give these bills in evidence, under the rejoinder, and without proof of their possession before the commencement of this suit; in allowing evidence of set-off, and in refusing instructions.

Under the issue in this case, the bills of the Berrien County Bank, issued prior to the 24th day of August, 1838, the day on which this suit was instituted, were most clearly admissible in evidence. But the instruction of the Court, that the law would presume merely from the priority of date of the notes to the day of suit, that therefore the defendant had held them from their date, we do not think warranted. It is a question of fact to be proved by the defendant, and not a presumption of the law; and the less so, in reference to notes and bills issued to be circulated and passed from man to man as money. The principle of legal presumption laid down in *Pettis* v. *Westlake,* 3 Scam. 536 to 539, that an assignment, without date, of a negotiable note, would be presumed to have been made before the note fell due, is not applicable to this case. For while the law might presume that fact in reference to the day of payment, still it would not presume the main fact to be proved, to wit, that he had a cause of action at the commencement of the suit, or, as in this case, a subsisting demand as a set-off. In pleading a set-off, the defendant, as to it, assumes the attitude of a plaintiff, and is bound to prove, in relation to it, the same facts as if he had instituted his action upon it. The first instruction asked by the plaintiff, ought, therefore, to have been given, for it involved simply the naked and undeniable proposition, as I understand it, that the set-off must be a subsisting demand at the commencement of the suit, as contradistinguished from demands purchased, or acquired afterwards. The plaintiff has no right to recover demands arising upon causes of action accruing after the bringing of the suit, nor can a defendant set off similar demands.

The defendant did not rely upon the instruction given, for he introduced testimony that he had, and held bills, of a similar description, in June, and at different times in 1838, from fifteen hundred to two thousand dollars, in amount.

These were facts from which the jury might infer, that the defendant had these bills on the twenty fourth day of August of that year.   To this extent, the Court might properly have instructed them.

Upon the facts set forth in the record, we are of opinion, that the other instruction was properly refused.  The instruction, as asked, is not warranted by the case of the *Jefferson County Bank* v. *Chapman*, 19 Johns. 324, cited in support of it.   The question turned upon the want of evidence that defendant held the notes of the bank, which he offered as a set-off, at the bringing of the suit.   The mere prior date of the notes was relied upon, as evidence that he had them in possession at the date of the suit, but held by the Court not to be sufficient evidence.   The cause being disposed of upon this ground, the Court say, they are not called upon to express any opinion, whether it were necessary to make a demand upon notes payable on demand to bearer.   They further say, that it is not decided by them in the *Bank of Niagara* v. *McCracken*, 18 Johns. 493, that a demand was unnecessary before action.   They, however, seem to have recognized a distinction on this point, between a solvent and insolvent bank, and that the insolvency of the bank did not appear in the case before, and they would not infer it, from the mere fact, that the bank had suspended specie payments.

In the case before us, it appears from the plaintiff's own evidence, that the Bank has made an assignment to the witness, Bradford, who called upon the defendant for payment, as assignee or receiver.   Here the presumption of insolvency is strong.   If insolvent, I should think the necessity of making the demand as superceded; for the defendant, if he held the notes of an insolvent Bank, at the date of the suit, would not be compellable to pay all he might owe, excluding his cross demand, and then take for his cross demand a *pro rata* dividend, for the mere benefit of other creditors.   Such is not the spirit of the law of set-off, nor would the law require a useless act, such as making a mere formal demand of an insolvent corporation, in the hands of a receiver, simply to enable him to adjust their mutual indebtedness by set-off.

While we notice and protect the interest of the beneficial plaintiff, we must, to the same extent, notice and protect the right of the defendant. The decisions in New York would exclude this set-off, but we cannot perceive the justice of it upon general principles, and therefore conclude that they were made upon the special provision of their statute. The questions in some of the cases arose upon demurrers; but here, the parties have taken issue upon the fact of the Bank's indebtedness to the defendant, and they must abide that issue.

The judgment is reversed with costs,. and the cause re-manded, with directions to award a *venire de novo.*

*Judgment reversed.*