## BRIGHAM *v.* SMITH.

In this country no presentment and demand are necessary in order to sustain an action against the maker of a note payable at a particular time and place.

But on a note payable on demand at a particular place, proof of a demand at that place is requisite in order to maintain the action, whether on a special count upon the note, or the count for money had and received.

ASSUMPSIT on two promissory notes made payable by the defendant to one James Wallington or order, "at the Suffolk Bank Boston " on demand, &c., and by said payee indorsed to the plaintiff.

The writ contained special counts on each note, with an averment of demand at the Bank, and refusal there to pay. The third count was general for money had and received.

No evidence was offered to prove a demand at the Suffolk Bank, and the court instructed the jury that such evidence was not necessary to sustain the action upon the third count.

The jury returned a verdict for the plaintiff; and the defendant moved for a new trial.

*Stickney,* for the defendant. The instruction of the court was wrong. The contract is that the maker of the note will be ready to pay when called on; a demand at the Suffolk Bank was therefore necessary. *Eastman* v. *Fifield,* 3 N. H. 333.

*Christie & Grant,* with *Tuck,* for the plaintiff. In England and also in Louisiana the rule requires a demand, and makes no distinction between notes payable at a particular place on time and on demand. *Sanderson* v. *Judge,* 2 H. Black. 509 ; 3 Kent's Com. 97, note, and cases cited.

The American rule requires no demand when the note

is payable at a time and place certain, but the cases do not state whether the rule applies to notes on demand. *Wolcott* v. *Santvord,* 17 Johns. 248 ; *Haxtun* v. *Bishop,* 3 Wend. 13; 3 Fairf. 19; *Carley* v. *Vance,* 17 Mass. 389 ; *Wallace* v. *McConnell,* 13 Peters 136 ; 2 McLean 125.

The remark of Chief Justice Richardson, in *Eastman* v. *Fifield,* is *obiter.*

By reference to Greenleaf's overruled cases, it will be seen that the cases of *U. S. Bank* v. *Smith,* 11 Wheat. 174 ; *Eastman* v. *Fifield,* 3 N. H. 333, and all the cases cited therein have been overruled.

PARKER, C. J. The rule in England, after some conflict of decisions, has been settled to be that where a note is payable at a particular time and place, a presentment at the place is necessary. And it is admitted that *a fortiori* it must be held there, that where a note is payable on demand at a particular place, a demand is necessary in order to sustain the action.

In this country it seems to be settled, that on a note payable at a certain time and place, no presentment is necessary to sustain an action against the maker. It was so held in *Eastman* v. *Fifield,* 3 N. H. 333. In that case it was said to be settled that in case of a note payable on demand at a particular place, a demand must be shown, for which 14 East. 500 ; 16 East. 110 ; 5 Taunt. 30; and 18 Johns. 493 are cited. It is argued that this was not necessary to the settlement of that case ; that the English authorities do not settle that point; and that several of them have been overruled. There seems to have been some discrepancy of opinion upon this point in New-York. In *Caldwell* v. *Cassidy,* 8 Cowen 273, *Savage,* C. J., remarked, *obiter,* "In the case of a note payable on demand at a certain place, a bank note for instance, I apprehend a demand would be necessary, and must be averred." In *Haxtun* v. *Bishop,* 3 Wend. 20, the same learned judge

referred to this remark, and then said, "such I still think is the law of England at the present day, as appears from the cases cited in regard to all promissory notes when the place of payment forms a part of the note itself. In this court, however, we hold that on such a note, a demand at the place of payment is not necessary, but if the maker was at the place of payment, with funds to pay the note, that fact is a good defence against the interest and costs, provided the defendant avails himself of the defence by pleading it and bringing the money into court." But this seems not to have been necessary to the settlement of that case. Mr. Justice *Woodworth*, in the *Bank of Niagara* v. *McCracken*, 18 Johns. 495, seems to have understood that a demand was necessary in such case.

Upon principle, it seems to be clear there should be a demand; otherwise a note payable on demand at a particular place would practically be very much like a note payable on demand generally. Where a note is payable on demand at a particular time and place, there is perhaps no hardship in holding that no presentment is necessary. The maker may show that he was ready at the time and place. But if the note be payable on demand at a particular place, how is the party to show that he was ready if no demand is required? It would only be by showing that he had the money ready at the place at all times after the note was made.

It is urged that on a note for payment of specific articles, it is the duty of the party to be always ready. But by that expression in *Bailey* v. *Simonds*, 6 N. H. 160, it was intended that he was liable at all times to be called on, and must be ready when the demand is made. A demand is necessary in such case. And unless a demand is necessary on a note payable in money at a particular place, the party often can make no successful defence, although he was actually prepared to pay. If the note were payable at his place of business, or even at a bank,

how is he to prove that he was there when the action was commenced? If the rule require him to prove that he was there at the hour, it would require an impossibility in many cases. If proof that he was there on the day would answer, a similar difficulty might arise. He may not have knowledge of the suit until days after it is commenced. If he could prove his presence at the place, that would seem not to be sufficient. He must also be held to prove that he was ready to pay. How is he to prove that at the particular time when the writ was made, he had in his pocket the means of discharging the debt? In the nature of the case, the promisor could not well defend in many instances, unless he set apart at the place a sum sufficient, and procured evidence that it was left to await the demand. This would not stop the interest, and ought not to be required.

A demand being necessary in order to sustain a declaration upon the note itself, it is equally necessary in order to maintain the count for money had and received. The form of the declaration can not relieve the plaintiff from showing that he had a cause of action when he commenced his suit.

*Verdict set aside.*