## WALROD *vs.* BALL.

On the 21st of April, 1842, a sealed note for $350, made by S. and others, payable to the defendant B. with an indorsement thereon by B., guaranty-ing the payment thereof to P. was delivered by P., the owner thereof, to B. " to collect or secure, as soon as convenient or may be ;" and B. agreed to pay over to P. $88 of the first money that should be collected or secured, as soon as he should collect or secure the same or any part thereof. But he was not bound to sue the makers of the note unless there should be a reasonable prospect of collecting the same, or some part of it. In an action against B. for his neglect and refusal to perform the agreement to collect or secure the note, and for his refusal to pay over the money due, or deliver up the note, it was proved that when the defendant received the note and executed the agreement he said that he presumed the makers of the note were good, but did not know——that they were good when they moved out of the state, and that he would go and see them immediately. *Held* that this was *prima facie* evidence that the makers of the note were good for the whole amount or some part thereof, and that therefore the defend-ant was liable for not going to their place of residence and attempting to collect the note of them.

*Held also*, that, admitting this was not a case for presumption, but that evi-dence should be adduced in respect to the pecuniary condition of the makers of the note, the *onus* was on the defendant, to furnish the evidence; and that if they were insolvent, he was bound to show it, inasmuch as it was only upon its turning out that they were insolvent, that he was excused from suing them.

The law presumes that a fact, continuous in its character, still continues to exist. Thus, it will not be presumed that a man, admitted to be respon-sible at a particular time, has since become insolvent, without some proof.

Insolvency is never presumed. An ability to pay all his engagements is pre-sumed in favor of every man. *Per* GRIDLEY, J.

When a party places his defense on the insolvency of a third person, it is in-cumbent on him to prove it. *Per* GRIDLEY, J.

Where the reasons given by a party for his refusal to pay over moneys, upon a demand being made thereof, are an essential part of the refusal itself, they are admissible in evidence in favor of such party. But the rule is oth-erwise where a long series of facts is sought to be made evidence, on the ground that they are an answer to the demand.

If, in such a case, any part of the reasons given are admissible, under the above rule, there should be a specific offer to prove that part, by itself.

An opinion expressed by a judge, upon a hypothetical case put by counsel, can not be made the foundation of an exception.

Walrod *v.* Ball.

THIS was an appeal, by the defendant, from a judgment entered against him at the circuit, upon the verdict of a jury. The action was brought against the defendant to recover damages for his neglect and refusal to collect or secure a note made on the 8th of March, 1831, by Lyman Sherwood and three others, and to pay over to the plaintiff the money due upon said note, according to a covenant made by the defendant on the 21st of April, 1831. Most of the facts in the cause are stated in the opinion of the court, and need not be repeated. On the trial of the cause, S. C. Rockwell, a witness on the part of the plaintiff, testified to his making a demand upon the defendant of the money collected upon the note, and that upon the defendant's replying that he had collected nothing on the note, the witness demanded the note and guaranty. The defendant's counsel asked the witness what reply the defendant made to him at that time. This question being objected to by the plaintiff's counsel, the defendant stated that he proposed to show by the witness, that the defendant, at the time the witness demanded the note and guaranty of him, stated in reply to such demand, that Potter, at the time he purchased the said note of the defendant, shaved him $50 on it; that the guaranty was executed by him, in consideration of the payment to him for said note of $300; that the matter had been subsequently settled between him and Potter, and that he had paid Potter all that he had received from him at the time he sold the note and executed the guaranty, and the interest on that sum up to the time of such settlement; and that by the agreement between him and Potter at that time made, he was not to pay him the discount or shave of $50 and interest, which was the $88 claimed, unless he could collect the same of the makers of the note, and that he had not been able to collect it, or any part of it, of the makers, since that time. To this evidence the plaintiff objected: the objection was sustained by the circuit judge. and the defendant's counsel excepted.

The plaintiff having rested. the defendant moved the court to nonsuit the plaintiff, for the reasons, 1st. That the defendant was not liable on the agreement to collect, in the absence of all proof that there was any prospect of collecting of the makers of

Walrod *v.* Ball.

the note, the amount due thereon or some part thereof. 2d. That he was not liable on the guaranty indorsed upon the note, because that was merged in the agreement of the defendant, of the date of the 21st of April, 1842. That by that agreement, Potter had released the defendant from his liability on the guaranty, and agreed to wait for the payment of the balance of $88 remaining due thereon, until the same, or some part thereof, was collected or secured of the makers of the note by the said defendant. The circuit judge overruled the motion, and to the decision thus made the defendant excepted. The defendants' counsel hereupon inquired of the court what would be the effect if the defendant should prove that at the time the defendant Ball sold the note to Potter, Potter only paid him $300 therefor, and that the defendant discounted $50 thereon, that the guaranty of the defendant indorsed upon said note was executed and delivered by him to said Potter, in consideration of the said sum of $300 paid by Potter to the defendant for said note and for no other or further consideration whatever, and that the said sum of $88, admitted to be due and unpaid on the note, by the agreement of April 21st, 1842, was the said $50, discounted by the defendant on said note at the time he sold the same to Potter, and the interest thereon from the date of said agreement. The circuit judge remarked that such proof would not affect the defendant's liability on the agreement of 1842, and that notwithstanding such proof should be made, the plaintiff would be entitled to recover the said sum of $88 and interest, admitted to be due by the agreement of April 21st, 1842, as he had not delivered the note when demanded, and stated that he would rule that point against the defendant. To which decision of the circuit judge the defendant excepted.

The judge then charged the jury that the plaintiff was entitled to recover of the defendant the sum of $88, and the interest thereon from April 21, 1842, which it was admitted amounted to $135,92; and the jury found a verdict for that amount.

---

Walrod *v.* Ball.

---

*John Ruger*, for the plaintiff.

*G. N. Kennedy*, for the defendant.

*By the Court*, GRIDLEY, J. On the 8th of March, 1831, Lyman Sherwood, Ephraim Whipple, Nathaniel Barmour and Anson Whipple executed, under their hands and seals, a note by which they promised to pay, one year from the first day of September then next, to Samuel Ball or bearer, three hundred and fifty dollars with use. On the note is a guaranty, executed by Samuel Ball under his hand and seal and dated on the 30th of April, 1831, that the note and interest should be paid when due, to C. N. Potter or bearer. On the 21st day of April, 1842, Ball executed a covenant to Potter, which, after reciting that the former had secured to the latter the whole of said note and interest, except the sum of $88, proceeds as follows:

"And whereas said Potter has delivered said sealed note or covenant, with said indorsement thereon to me, to collect or secure as soon as convenient or may be, the first money collected or secured on said note or covenant, to the amount of said eighty-eight dollars, now due said Potter, thereon, with interest from this date, I hereby agree to pay said Potter as soon as I shall collect the same or get it secured or any part thereof. It is understood that I am not to be compelled to sue the makers of said note or covenant, unless there shall be a reasonable prospect of collecting the same of them, on an execution, or some part thereof."

The sealed note, guaranty, and covenant was assigned to the plaintiff by Potter, on the 7th of December, 1848; and this action was brought on the liability incurred by the defendant by his omission to prosecute the makers, and for refusing to pay the money or deliver up the note. The complaint is very long, and sets forth the facts in a variety of ways, so that it is somewhat difficult to say upon what ground the right of recovery was intended to be placed by the pleader. But we are of the opinion that the gravamen of the complaint consists in a neglect and refusal to perform the agreement to collect or secure the note,

Walrod *v.* Ball.

and in a neglect and refusal to pay over the money due, or any part thereof.

It is manifest that the liability of the defendant grows out of the agreement of the 21st of April, 1842. By that instrument it appears that the note and guaranty were delivered to the defendant "*to collect or secure as soon as convenient or may be;*" and he agreed to pay over $88 of the first money that should be collected or secured, as soon as he should collect or secure the same, or any part thereof. But he was not bound to sue the makers of the note unless there should be a reasonable prospect of collecting the same, or some part thereof. The defendant is certainly not liable for omitting to pay over the money collected or secured, for none has been collected or secured. But he is liable for wholly omitting to make any attempt to collect the note, without offering any evidence that such attempt would be fruitless for the reason that the makers were insolvent. At the time of entering into the agreement and receiving the note, the makers of the note had left the state. Potter testifies that when the defendant executed the agreement he said that he presumed the makers of the note were good; that he did not know; but that they were good when they moved out of the state. He further said that he would go out immediately; that he saw Ball four or five times between that time and the first of May, 1843, and he said each time that he was going out to see the makers. Now, upon this testimony we think

I. That there was before the court *prima facie* evidence that the makers of the note were good for the whole amount or some part thereof, and therefore that the defendant is responsible for not going out and attempting to collect it of them. He affirmed as a matter of fact, *that they were good when they left the state;* and as a matter of *belief*, that they were good at the time when he made the agreement. It will not be presumed that four men, admitted to be good when they left the state, have become insolvent, without some proof. The law presumes that a fact, continuous in its character, still continues to exist. Thus, a partnership is presumed to continue, until a dissolution is proved. So life is presumed to exist, within certain limits. A party once

Walrod *v.* Ball.

being in possession is presumed to continue in possession. A corporation once established is presumed to continue. An entry and ouster by a landlord on his tenant is presumed to continue till a restoration be shown. (1 *Stark. Ev.* 36. 4 *Id.* 1252. 1 *Cowen & Hill's Notes,* 295.) Again: insolvency is never presumed. An ability to pay all his engagements is presumed in favor of every man; just as the law presumes against fraud and guilt; so that an admission of insolvency at a given time is no evidence of insolvency at any considerable time afterwards. (6 *Monroe's Rep.* 116, 119.)

II. Admitting that it is not a case for presumption, but that evidence should be adduced on the subject of the pecuniary condition of the makers of the note, we think the onus is on the defendant to furnish the evidence. Ball's engagement was "to collect or secure the demand, as soon as convenient or might be." This agreement required him to take measures to ascertain the condition of the makers of the note, if he relied on the fact that there was no reasonable prospect of collecting it. It was incumbent on him to make an effort, by going out where they lived, or writing to some correspondent, to ascertain the fact as to their responsibility, short of five or six years. It was only on its turning out that the debtors were insolvent that he was excused from suing them. The onus was on Ball to show their insolvency, if it existed, because the fact lay peculiarly within his knowledge. He originally contracted with the debtors; he knew when they left the state, and their circumstances at that time, and where they resided, and had the means of ascertaining all the facts concerning them; which Potter had not. He also recognized this obligation, when he promised to go out and see the debtors immediately; and at four or five different times previous to the spring of 1843. Mr. Starkie says, (*Part* 3, *p.* 378,) it is "a general rule that the *onus probandi* lies on the party who seeks to support his case by a particular fact, of which he is supposed to be cognizant. And so stringent is this rule in its application that it compels a party to prove a negative; except when the negative involves a criminal omission of duty, and where the law, by virtue of the general principle, presumes

Walrod *v.* Ball.

innocence." (*Stark. Ev. part* 3, *p.* 378, § 3. 19 *John.* 324, 345. 11 *Id.* 513.) When a party places his defense on the insolvency of a third person, it is incumbent on him to prove it. Thus, if an attorney omits to prosecute a note, (having been retained to do so,) until the statute has run against it—or where one converts a note—the rule is that if he would mitigate damages by the insolvency of the maker of the note in either case, he must show the makers insolvent. (1 *Cowen,* 240.)

III. The offer to prove the declaration of the defendant in his own favor, when the demand of the note and of the money was made upon him, was properly overruled. When the reasons for the refusal are an essential part of the refusal itself they are admissible. (1 *Denio,* 141.) Here, however, there was a long series of facts sought to be made evidence, on the ground that they were an answer to the demand of the note. The admission of this evidence would have been an abuse, rather than a compliance with the rule adopted in the case in Denio. If there had been any part of the facts embraced in the offer that was admissible under this rule, there should have been a specific offer to prove that part, by itself.

IV. We are all agreed that the opinion expressed by the judge on the hypothetical case put by the defendant's counsel, can not be made the foundation of an exception. The defendant had tried to prove the very fact embraced in the hypothesis, and had failed. As the proposition stands on the bill of exceptions, it is an abstract proposition, not supported by the evidence in the case, and an opinion on such a proposition is not the subject of an exception.(*a*)

A new trial must be denied.

(*a*) *Vallance* v. *King,* (3 *Barb. Sup. Court Rep.* 548.)