HENRY H. MORANGE, Respondent, *v.* MAJOR G. MIX, Appellant.

An unpaid assessment, for street improvements (in the city of Brooklyn), against one who was the owner at the time the proceedings were commenced, is, *prima facie,* valid and a lien, although such assessments are required to be made " to the owner or occupant" and a change of ownership occurred, but of which the assessors had no notice, prior to confirmation of the assessment.

A defendant, in an action to recover damages for negligence in the performance of his contract (to search for taxes and assessments), who would avail himself of the fact that the plaintiff is protected from loss, or has ample redress against another person (by covenants against incumbrances in the plaintiff's deed), assumes the burden of proving that a remedy exists, which is available to the plaintiff, and to which he should resort.

The plaintiff, intending to purchase certain real estate in the city of Brooklyn, employed the defendant to search for taxes and assessments upon the premises. The defendant afterwards delivered to him two returns, one being a search for taxes, certified by the defendant, and the other a search for assessments, certified by a third person, not employed by the plaintiff, and received the usual fees for both searches, with an additional sum for expediting them. The plaintiff completed his purchase, on the faith of these returns, receiving a deed containing a covenant against assessments and incumbrances. An assessment upon the property, for street improvements, not disclosed by the search, was afterward discovered and paid by the plaintiff. It was in the name of one who owned the property when the proceedings were commenced, but not the owner when the assessment was confirmed or the search was made. There was no evidence that the commissioners were notified of the change of ownership, nor was there any evidence as to the responsibility of the plaintiff's grantor.—*Held,* that the evidence authorized the jury in finding the defendant responsible for negligence in the search for assessments; that the assessment paid by the plaintiff was valid and a lien at the time it was paid; and that the covenants in the plaintiff's deed furnished no defence, the burden being on the defendant to show, and he having failed to show, that they had preserved, or were available to preserve, the plaintiff from damage or loss.

(Argued January 7th; decided May 1st, 1871.)

APPEAL from an order of the Supreme Court, at General Term, in the second district, affirming a judgment entered on a verdict for the plaintiff at the circuit.

The action is to recover damages alleged to have been sustained by the plaintiff through the neglect of the defendant to return certain assessments imposed by the city of Brooklyn upon lands purchased by him, against which the defendant was employed by the plaintiff, for a reasonable reward, to make search. The complaint states that the plaintiff has necessarily paid the assessment, since his purchase of the land, with interest and charges, to discharge the lien thereof. The answer puts in issue all the allegations of the complaint. At the trial it was proven by the plaintiff that he entered into a contract with one Lichtenstein, in August, 1857, to purchase certain lands situate in the city of Brooklyn, to be conveyed to the plaintiff free of incumbrance, except a mortgage for $3,000, for the consideration of $10,000, over and above the mortgage; that prior to receiving the deed and paying the consideration the plaintiff made a requisition in writing, directed and delivered to the defendant, to search for unpaid taxes and sales for taxes; also for assessments and sales for assessments, affecting the premises, of which a diagram was annexed. The search was returned to the plaintiff by the defendant in September following, with a certificate attached, signed by him, from which it appeared that the taxes for 1855 and 1856 were unpaid, and that there were no other taxes, and no sales for taxes found; and also another certificate attached, signed A. T. Lawrence, dated September 12th, 1857, stating an assessment for opening Division avenue, and that there were no other assessments, and no sales found. The plaintiff had not employed Lawrence to make any search, and had no communication with him on the subject. He paid the defendant three dollars for both searches and an extra sum for expediting them. He afterwards completed the purchase and paid the consideration. The deed contained full covenants guarantying the plaintiff against all incumbrances. There was an assessment against the premises for opening Putnam avenue, confirmed in July, 1855, amounting to $456.58, which was not returned and was unpaid and a lien at the time of the search and conveyance. From the records in the office of the

street commissioner it appeared that application was made, and the street committee reported in favor of opening Putnam avenue, in May, 1852; that commissioners were appointed by the County Court January 12, 1853, and they made their final report May, 1855, which was confirmed by the court in July, 1855. The assessment was made against William Wall, Thomas C. Moore and Samuel Meeker, as owners.

The defendant proved that Moore and Meeker conveyed their interest in the premises to Wall by deed, in February, recorded in April, 1854, and that Wall conveyed to Lichtenstein by deed dated in April and recorded in August, 1854. That the defendant was accustomed to receive orders for searches, made out in the same manner as that of the plaintiff, upon which he made the searches for taxes only, while some other person made search and certified as to the assessments; that the defendant received only $1.50 for his search, and he did not know how Lawrence got possession of the order for the assessment search; that the defendant did not employ him, and if the sum of $1.50 was paid to the defendant for that search, it was for the benefit of Lawrence.

The plaintiff proved that he had no knowledge of any such custom as the defendant and his witnesses testified to have existed as to the defendant's mode of transacting the business of searching for taxes and assessments.

The defendant moved to dismiss the complaint, on the ground that the premises were not assessed to the owner or occupant, and the assessment was therefore invalid, and gave the plaintiff no right of recovery. This motion was denied and the defendant excepted.

The judge charged the jury that they must be satisfied that there was a contract to search for taxes and assessments, which the defendant undertook to perform, before the plaintiff can recover.

That the argument on the part of the plaintiff was, that it made no difference whether Mix made both of these searches or not; that if he employed any one to do it for him, he is responsible. *   *   * That the jury were at liberty to look

at it in their own way, and to take into consideration all the facts and evidence that has been given.  *  *  *  That the jury must be satisfied that the paper returned by the defendant to the plaintiff, that is, the certificate, purported to certify to the search for assessments as well as taxes, if the plaintiff can recover.  *  *  *  If the plaintiff is entitled to recover, he will be entitled to the amount of the assessment paid by him, and the interest from the time of payment.

The defendant's counsel excepted, putting his objections to the submission of the inquiry whether the defendant employed Lawrence to do the work; to the submission that the jury must be satisfied that the certificate purported to certify to the search for assessments as well as taxes, and to the latter part of the charge as to the rule of damages.

The defendant's counsel also asked the court to charge that the return given by the defendant to the plaintiff was for taxes only, and that if the defendant undertook to search for taxes and assessments generally, and the plaintiff accepted this return, then the defendant is not liable.

The court refused so to charge, and the defendant's counsel excepted.

The jury found for the plaintiff the amount paid and interest, amounting to $798.09.  A motion for a new trial was made at Special Term upon a case and denied.  The defendant appealed to the General Term from the order denying a new trial and from the judgment entered upon the verdict. The order and judgment were there affirmed.  The defendant appealed to the Court of Appeals.

*D. P. Barnard,* for the appellant, cited City Charter of Brooklyn; *Whitney* v. *Thomas* (23 N. Y., 281); *People ex rel. Mygatt* v. *Supervisors* (1 Kern., 563); *Crooke* v. *Andrews* (40 N. Y., 547); 2 Pars. on Cont., 4, note *b;* 1 U. S. Dig., 620, § 66; *Sheldon* v. *Dodge* (4 Den., 217); *Walrod* v. *Ball* (9 Barb., 271); *Allen* v. *Suydam* (20 Wend., 321); *Blot* v. *Boiceau* (3 Comst., 78).

*Samuel Hand* and *Henry H. Morange* in person, for the respondent.

LEONARD, C. 1st. The motion to dismiss the complaint was not well taken. · The defendant's counsel, to sustain his motion, relies upon the charter of the city of Brooklyn, which requires the premises to be assessed to the owner or occupant, and on authorities holding that an error or omission so to assess renders the assessment invalid. (*Whitney* v. *Thomas*, 23 N. Y., 281; *Crooke* v. *Andrews*, 40 N. Y., 547.) The persons to whom the premises were assessed were the owners in common until 1854. The commissioners to make the assessment were appointed in January, 1853. It does not appear that the persons assessed were not the owners when the commissioners made their investigation for the purpose of ascertaining who were the owners or occupants. Such investigation might have been made at any time after the commissioners were appointed. It cannot be necessary for them to follow the changes made in the title during the whole period that they were engaged in making the assessment. This objection is but a suggestion that damages might, perhaps, not have been sustained in consequence of the apparent lien. The reply might also be made that the plaintiff ought not to be subjected to the hazard and expense of litigating this question. The defendant did not prove that the commissioners were notified of any change in the ownership after their appointment. There is no evidence that the defendant notified the plaintiff that any objection to the validity of the assessment existed before he had paid it and discharged the lien, nor that he had made any offer to prosecute an action, or bear the expense of one, for the purpose of procuring a judgment declaring the invalidity of the lien. There is no suggestion of such a defence in the answer, and it appears to have been advanced at the trial for the first time. The defendant should have given the plaintiff seasonable notice that such an objection to the validity of the assessment existed, or have made an offer to be at the expense

of prosecuting an action for the removal of the lien, before he demanded to have this objection considered as a defence to the plaintiff's claim.

2d. The counsel for the defendant urges that the judge submitted to the jury, in substance, whether the defendant employed Lawrence to make the search for assessments, without any evidence upon which an affirmative finding could be sustained.

The evidence was undisputed that the plaintiff was wholly unacquainted with Lawrence, and had no communication with him before the defendant returned the order, with the certificates of search for both taxes and assessments attached; also that the defendant received from the plaintiff payment for both searches, and an additional fee for expedition. It was also in evidence that the defendant paid to Lawrence $1.50 out of the sum which he had received from the plaintiff. It is true, the defendant, to preclude the inference of his employment of Lawrence, testified that he did not employ him. It would not be an improper inquiry for the jury, on this evidence, to ascertain whether the defendant employed Lawrence. Such evidence might be thought to prove an employment, and to justify a submission of the inquiry. I am, however, unable to perceive that the inquiry was, in fact, submitted at all.

The judge stated that it had been argued for the plaintiff that it made no difference whether Mix made both of these searches or not; that if he employed any one to do it for him, he is responsible; and the judge then told the jury that they were at liberty to look at it in their own way, from the facts and the evidence. This is the only approach to submitting such a question as the defendant assumes. The judge apparently submits the argument of the plaintiff to the consideration of the jury, rather than any question of the employment of another to make the search. He had previously instructed them that they must be satisfied that the defendant had undertaken or agreed to make the searches both for taxes and assessments. If, as the counsel for the

defendant assumes, the judge also submitted the inquiry as to the employment of Lawrence, it was qualified by the prior instruction that they must be satisfied that the defendant had contracted to search for assessments as well as taxes, and was proper, under the testimony above referred to. The true inquiry was, what the defendant contracted to do. This question was distinctly contained in the instructions given. If the jury found that the defendant contracted to search for assessments as well as taxes, it was of no consequence whether he employed Lawrence, or accepted and used as his own a search made and certified by Lawrence voluntarily and without employment. The evidence was uncontradicted that Lawrence was not employed by the plaintiff.

3d. The defendant's counsel again excepts to the charge, claiming that the judge submitted to the jury to find whether the certificate purported to certify to the search for assessments. I do not so understand the meaning of the language used by the judge. If the defendant's counsel is correct in his construction, the inquiry was favorable to his cause rather than adverse.

The plaintiff was entitled to have the jury informed that it made no difference who certified to the search for assessments, if the defendant contracted to make that search, and delivered the return in question in performance of his contract. If the jury were allowed to decide the question as to what was the meaning of the return, or what the defendant purported to certify, it was an error adverse to the rights of the plaintiff, and gave the defendant an additional chance, of which he cannot be heard to complain. The meaning intended to be conveyed by the paragraph to which the exception refers, although not as lucid as it should be, is, as I understand it, whether the search for assessments, certified as it was by another, instead of the party employed, was used or delivered by the defendant as a part performance of his contract with the plaintiff. The return clearly purported to search for assessments as well as taxes, and a return as to both was made and delivered to the plaintiff; but the return

to the search for assessments was not signed by the defendant, and it so appeared on the face of the paper, and the plaintiff must have seen it. The defendant, too, must have seen it; and the inquiry was, did he use and deliver it in such a way as to purport to be in performance of his contract with the plaintiff. If, however, the defendant is correct in the meaning which he assumes, it gives him no valid exception.

4th. The defendant's counsel insists that the plaintiff has sustained no damages, inasmuch as he has not proven that he cannot collect the amount of the assessment paid by him on the covenants of Lichtenstein's deed. The proposition referred to on the points is the last of the charge, viz.: "If the plaintiff is entitled to recover, he will be entitled to the amount of the assessment and the interest from the time the money was paid." Nothing has been urged against the rule asserted as to interest.

The defendant's counsel refers to several cases which hold that an agent is responsible only for the actual damages sustained by his principal. He assumes, however, that the burden of proof rests upon the plaintiff to prove that his remedy on the covenants of the deed was not available. The cases cited by him are to the contrary effect. (*Allen* v. *Suydam*, 20 Wend., 321; *Blot* v. *Boiceau*, 3 Comst., 78; *Walrod* v. *Ball*, 9 Barb., 271.) The case of *Allen* v. *Suydam* was an action for negligence in presenting a draft for acceptance. It appeared that the bill would not have been accepted if it had been presented in season, and that the drawer had failed, and probably would not have paid it, had it been protested in due season. The judge instructed the jury that the amount of the draft was, *prima facie*, the measure of damages. The Court of Errors held that this was error; that the jury should have been told to find only such damages as they believed from the evidence probable that the plaintiff might have sustained from the neglect to present the draft in due season. (Page 330). The case of *Blot* v. *Boiceau* presents the same principle. The plaintiff consigned merchandise to the defend-

ants for sale, and limited him as to the price at which he should sell. Having proved these facts, the plaintiff rested his case. The defendants offered to prove that the value of the articles was obtained, and that they could not have been sold at a higher price up to the time of the trial. This evidence was excluded. On appeal this was held erroneous; that it was competent for the factor to show that the goods were worth no more, down to the time of the trial, than the price at which they were sold; that, *prima facie*, the invoice price was the actual value, and if no other evidence had been offered the plaintiff should have recovered according to his claim. (Page 84.) The other case of *Walrod* v. *Ball* is to the same effect. The defendant, who undertook to collect a written obligation for the plaintiff, said, when he received it, that he presumed the maker was good. Held, that was *prima facie* evidence that the maker was good for the whole amount, and that the defendant was liable for negligence in not attempting to collect; that the *onus* was on the defendant to show it, if the maker was insolvent, as that was his excuse for neglecting to prosecute. If the cases cited by the defendant are analogous at all, they fail to maintain his position. There was no evidence that the remedy against Lichtenstein on the covenants of his deed was available. It was the duty of the defendant to prove that the plaintiff had sustained no damages, or that he had another sufficient remedy to which he ought to resort, before he could claim a verdict on that ground. The exception does not point directly to the ground now urged. The judge may have supposed, from the exception to the portion of his charge containing two propositions, as to the measure of damages (the principal sum paid and the interest), that counsel objected to the rule as to interest. The exception should state specifically the grounds upon which it rests, unless it is distinctly and readily apparent from the subject referred to. Although defectively taken in this respect, the exception is bad on the merits.

There is no fault in the charge, which is open to objection on the part of the defendant.

5th. The request for instructions to the jury, which the judge refused to give, it is now insisted was correct, because the defendant, if liable at all, is liable for not searching for assessments as he had agreed to do, instead of searching negligently, as he is charged by the complaint. The argument proceeds upon the theory that the defendant searched for taxes only, admitting that he agreed also to search for assessments, but did not do so, thus making an entire breach of his contract on the latter branch.

This subject has already been considered under the exceptions to the charge. There was sufficient evidence to submit to the jury whether the defendant meant that the plaintiff should rely upon the search for assessments which he delivered to him, and accept it as his performance of the contract, although actually purporting on its face to have been made by a person other than the defendant. If he did, he was clearly responsible for whatever negligence had occurred, as if he had personally made the search. The request was untenable.

The judgment should be affirmed, with costs.

All concur for affirmance, except LOTT, Ch. C., not sitting.

Judgment affirmed, with costs.