HOFFMAN et al., Respondents, v. COLUMBIA-KNICKERBOCKER TRUST CO., Appellant. (No. 7008.) (Supreme Court, Appellate Division, First Department. April 9, 1915.) Appeal from Special Term, New York County. Action by Sadie Estelle Hoffman, administratrix of Charles R. Hoffman, deceased, and another, against the Columbia-Knickerbocker Trust Company. From a judgment for plaintiffs, on a decision after a trial at Special Term, defendant appeals. Affirmed. Julien T. Davies, Jr., of New York City, for appellant. Edward Stetson Griffing, of New York City, for respondents.

PER CURIAM. Judgment affirmed, with costs. Order filed.

HOTCHKISS, J. (dissenting). The action was for possession of the bonds, or, in default thereof, for the amount of the plaintiff's debt covered by the attachment. It is not clear to me that, under the circumstances, any possessory action would lie; but, if it would, when it appeared that possession could not be had, plaintiffs were entitled to no more than compensation for what they had lost. The respondent says in his brief, "The value of the security is immaterial," and this seems to have been the theory of the complaint, which contains no allegation of the value of the bonds, nor did the court make any finding of such value. Whether there is any presumption to be universally applied that an *individual* is prima facie solvent and able to pay his debts, or whether the rule is merely that, where a party urges as his defense the insolvency of another, it is

incumbent on him to prove it (Walrod v. Ball, 9 Barb. 271, 272), need not be determined. A diligent search has failed to reveal any case where, in the absence of any evidence whatsoever, a plaintiff upon whom rests the burden to show loss arising out of a transaction incident to corporation bonds has been permitted to recover the par value of such bonds on a presumption of value only and without a particle of proof thereof. The record is full of evidence to show that the bonds were never treated by defendant as in fact worth anything like their par value, and defendant offered to prove the price at which the $200,000 of bonds finally remaining in its hands were sold at public auction after due advertisement; but plaintiffs' counsel said he raised no "question about that." The action seems to have been brought, tried, and decided on the theory that the value of the bonds lost to plaintiffs by reason of defendant's act was immaterial. This I think was error, because, if the defendant's total loan exceeded the value of all the bonds held by it as collateral, at any time, plaintiffs lost nothing by reason of defendant's surrender of a portion of those bonds from time to time as installments were paid on account of the loan. For the same lack of proof of value, plaintiffs failed to show any loss or damage by reason of the disposition of the remaining $200,000 in bonds. The judgment should be reversed, and a new trial granted.