H. A. ROOSE, Plaintiff, *v.* WALTER G. HAMILTON, Individually and as County Treasurer of the County of Rockland, Defendant.*

County Court, Rockland County, December 13, 1935.

*Etelson & Fassberg* [*Leo Fassberg* of counsel], for the plaintiff.

*Ernest W. Hofstatter* [*Walter McDermott* of counsel], for the defendant.

McKENNA, J. The plaintiff, who had conducted business under the name of the Hudson Counties Abstract Co., was retained to examine a title to property situated in the town of Orangetown, Rockland county, N. Y. In pursuance of his duties on June 7, 1934, he, or one of his employees, filled out a blank furnished by the defendant and addressed to the defendant called " Requisition for Tax Search," which said requisition requested the defendant, who was the treasurer of Rockland county, to search his office records for unpaid taxes, assessments and sales affecting premises in the town of Orangetown, school district No. 5, " bounded North by Public Road, East by Drumm," and said requisition further showed the names of the owners from 1893 to 1934, that period being the period for which the treasurer has records. The last name given on the list of owners is " George Byrnes." The

---

* Modfd. and as modfd. affd., 249 App. Div. 852.

requisition further requested the defendant to certify the same to the plaintiff. Pursuant thereto the defendant made his certificate on June 11, 1934, and charged and received therefor the sum of two dollars.

The certificate certified that the defendant had carefully searched his records for all unpaid taxes, assessments and sales affecting the premises described in the certificate, "Assessed to George Byrnes, bounded North by Public Road, East by Drumm, South by Hellin, West by Roth," and against the names of the persons mentioned in the requisition.

That report showed a sale to the county in 1933 for the 1932 State and county taxes and 1931 school taxes, amounting, with interest, to $99.28, and that there was also against the said premises the sum of $90.81 for the 1933 State and county taxes, 1932 school taxes and interest, making a total of $190.09. The certificate further stated, "Nothing else found."

Based upon that certificate of the defendant, the plaintiff made his certificate to his employer, the Home Owners' Loan Corporation, and reported that the only unpaid taxes were those above mentioned. Based on that report, the Home Owners' Loan Corporation made a loan against the said premises, taking as security therefor a bond and mortgage of the owner of the fee.

It subsequently transpired that, in fact, the 1930 school taxes and the 1931 State and county taxes had not been paid, and that the tax lien had been sold at public auction and purchased by the Bonded Municipal Corporation, which subsequently commenced an action to foreclose its tax lien, making the Home Owners' Loan Corporation a party defendant. Thereupon, the Home Owners' Loan Corporation demanded of the plaintiff that he remedy the error and the plaintiff was compelled to, and did, pay to the Bonded Municipal Corporation the sum of $211.75, being the amount of the tax lien, interest and the taxable costs of the foreclosure action, and upon such payment procured a satisfaction and discharge of the tax lien and a discontinuance of the foreclosure action.

Prior to the settlement by the plaintiff with the Bonded Municipal Corporation and upon his being apprised of the fact, plaintiff communicated with the defendant and demanded of the defendant that the defendant take whatever proceedings were necessary to clear the title. The defendant refused to do anything, and the plaintiff, after making the payment, commenced this action to recover the amount paid.

Upon the trial it appeared without substantial dispute that an error had been made; that the defendant's certificate was incorrect.

The defendant, however, claims that the plaintiff was guilty of contributory negligence because the requisition for the tax search did not fully, completely and accurately describe the property. However, the description must have been sufficient because the description as given enabled the defendant to search against the property and make his return. The defendant claimed that because the name of the last owner was given as " Byrnes " in the requisition and the tax roll had no such name, the defendant was not liable. However, under the Tax Law the name in the assessment roll is merely for the purpose of identification. A mistake in the name of the owner, or the reputed owner, does not affect the validity of the assessment against the property. (See *Village of Lynbrook* v. *Otto*, 266 N. Y. 308, 311, 312; *Witherhead* v. *Ort*, 223 App. Div. 626; affd., 249 N. Y. 567.)

In any event, the error in the name of the owner, if there was an error, would not contribute in the slightest to the defendant's erroneous certification for he knew the property in question and made his certificate with respect to that particular property. Therefore, it must be held that the defendant's certification was erroneous; that relying upon such certification the plaintiff in turn gave his certification.

The plaintiff has made good his certification by procuring the discharge of the tax lien and the discontinuance of the foreclosure of the tax lien. His payment was made because of his liability to the Home Owners' Loan Corporation. (See *Morange* v. *Mix*, 44 N. Y. 315.)

The defendant is liable to the plaintiff for the damages caused to the plaintiff by the defendant's negligence. (See *Hover* v. *Barkhoof*, 44 N. Y. 113.)

The total amount paid by the plaintiff is the proper measure of damage, for in order to justify his certification it was necessary for him to obtain a release of the tax lien and a discontinuance of the foreclosure suit. The owner of the tax lien and the plaintiff in the foreclosure suit could not be compelled to release the lien or discontinue the action except upon payment of the amount of the lien, the interest and the taxable cost of the suit to him.

The plaintiff is, therefore, entitled to judgment against the defendant individually for the sum of $211.75, with interest thereon from the date of payment, December 18, 1934, and judgment is so directed.